# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**RODNEY WASH,**                                                       **PETITIONER**

**v.**                                                                      **No. 3:07CV46-M-A**

**JIM HOOD, ET AL.**                                                         **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Rodney Wash for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and the petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

### Facts and Procedural Posture

The petitioner is in the custody of the Mississippi Department of Corrections and is currently housed at the Mississippi State Penitentiary at Parchman. He was tried and convicted of murder in the Circuit Court of Grenada County, Mississippi, and sentenced to serve life in the custody of the Mississippi Department of Corrections. State Court Record ("S.C.R."), Vol. 1, p. 48. The petitioner appealed his convictions and sentences to the Mississippi Supreme Court, assigning as error the following (as stated by counsel):

> A. Whether the trial court erred when it failed to grant the appellant's motion for directed verdict, peremptory instruction, and JNOV, or, in the alternative, a new trial because the evidence was legally insufficient to support the jury's verdict of guilty of deliberate design murder.

On June 13, 2006, the Mississippi Court of Appeals affirmed the petitioner's conviction and sentence. *Wash v. State,* 931 So. 2d 672 (Miss. App. 2006) (Cause No. 2005-KA-00673-COA).

The petitioner filed an untimely request for rehearing of the court of appeals' decision; that request was denied August 14, 2006. Wash also petitioned the Mississippi Supreme Court for *certiorari* review, but the Mississippi Supreme Court denied that petition under MISS. R. APP. P. 17(b) on September 21, 2006 .

The petitioner then filed *pro se* a "Motion for Post-Conviction Collateral Relief" in which he raised the following claims (as stated by the petitioner):

> A. Was petitioner denied effective assistance of counsel due to trial counsel's failure to question or even attempt to use a strike for cause or a peremptory challenge to eliminate a prospective juror who stated during voir dire that he is a cousin of the deceased, in which petitioner stood trial for?
>
> B. Was petitioner denied effective assistance of counsel due to trial counsel presenting impeachable evidence to an important witness of the State, elicited favorable testimony from the witness, but disregards a crucial opportunity to impeach the witness's detrimental testimony?
>
> C. Was petitioner also denied effective assistance of counsel due to trial counsel's failure to question nor even attempt to use a strike for cause or a peremptory challenge to eliminate a prospective juror who stated during voir dire that she is a government official of the Department of Human Services and Child Support Enforcement; in which, trial counsel knew that the seven (7) year old and three (3) year old daughters of the deceased are to testify against his client?
>
> D. Was petitioner denied effective assistance of counsel due to trial counsel's failure to present favorable evidence that is consistent with other evidence presented by trial counsel?
>
> E. Was petitioner denied effective assistance of counsel due to trial counsel's failure to object to introduction of evidence the alleged weapon with undiscovered finger latent prints on it; in which, trial counsel and officers of law enforcement were told by petitioner that the alleged weapon was apprehended from Tomekia Mitchell by the petitioner?
>
> F. Was petitioner denied effective assistance of counsel due to trial counsel conceding to his client's guilt within expressing his own personal opinion to the jury by saying, "And what set it off that day - you have heard the testimony - I don't know, something set it off and it blows. It's no excuse for it," which, only

seemed to undermine his concession to his client's guilt of a lesser charge, and without his client's consent also.

G. Was petitioner denied due process by the prosecuting attorney knowingly presented false and perjured testimony from Ta'Meiah Mitchell testifying that she saw the petitioner stab himself in the chest, although her statement to the police and Ta'Meiah's evaluation and results done a month and a half later at the Mantachie Clinic never mentions that Ta'Meiah says that she petitioner stab himself in the chest?

H. Was petitioner denied due process due to the prosecuting attorney coerced Ta'Meiah Mitchell into providing false testimony, and further elicited Ta'Meiah into stating that it is true that she saw petitioner stab himself in the chest?

I. Was petitioner denied effective assistance of counsel due to trial counsel's failure to interview at all any witnesses nor issue subpoenas to favorable witnesses, although George Miller, M.D. was issued a subpoena three (3) days before trial, but did not appear for trial?

J. Cumulative error

The Mississippi Supreme Court denied the petitioner's application for leave to proceed March 22, 2007, finding that "Wash has not made any showing that his attorney was ineffective under the standard set out in *Strickland v. Washington.* The panel therefore finds that the petition should be denied." (Cause No. 2006-M-02098). The petitioner sought rehearing of the court's decision; the Mississippi Supreme Court denied rehearing under M.R.A.P. 27(h) on March 22, 2007.

Wash filed the instant federal petition for a writ of *habeas corpus* in the Northern District of Mississippi, raising the following claims for relief (as stated by the petitioner):

**Ground One** - Ineffective assistance of counsel 6th Amendment Article 3, Sec. 26

A. Juror 37 (James Mitchell) stated during voir dire examination that he is Tomekia Mitchell's cousin. Tomekia Mitchell is the victim that the Defendant/Petitioner stood trial for allegedly causing her demise, deliberately.

B. Trial counsel was aware that his client's own seven (7) and three (3) year old daughters are to testify against his client. Juror 22, Antoinette Harris stated during voir dire that she is a government official with the "Department of Child Support Enforcement," while also stating that she and the defendant/petitioner may have crossed paths in her line of work before. Trial counsel felt no concern to challenge the acceptance of Juror 22.

C. In opening and closing arguments trial counsel for petitioner conceded numerous times to his client's guilt without his client's consent, and along with expressing his own personal opinions that were not in support of his concession that his client was guilty of a lesser charge of manslaughter rather than murder, leaving his client vulnerable to the greater charge.

### All Grounds Denied on the Merits in State Court

The Mississippi Supreme Court has already considered all grounds of the instant petition on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the

exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas corpus* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to any ground of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

## Ineffective Assistance of Counsel Standard of Review

To prevail on a claim of ineffective assistance of counsel, a *habeas corpus* petitioner must prove both constitutionally deficient performance by counsel and actual prejudice as a result of such deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). The petitioner has not met this standard for any of his claims.

The petitioner sets forth three separate claims in Ground One challenging counsel's performance at trial. Two of these claims arise out of counsel's failure to strike potential jurors. The petitioner claims that counsel should have eliminated both James Mitchell (Juror Number 37), and Antoinette Harris (Juror Number 22) from the jury pool.

### Counsel's Decision Not to Exercise Peremptory
### Challenges on Two Potential Jurors

The petitioner argues that Juror Mitchell should have been stricken because he stated during *voir dire* that he was related to the victim. He also argues that Juror Harris should have been stricken because she worked for the Department of Human Services and testified during *voir dire* that she may have "crossed paths" with the petitioner in her line of work.

The decision to strike or accept a potential juror is one of strategy – based largely upon counsel's experience and intuition. *Romero v. Lynaugh,* 884 F.2d 871, 878 (5th Cir. 1989); *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995). "A decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be 'so ill chosen that it permeates the entire trial with obvious unfairness.'" *Id* (citation omitted). A review of the court's colloquies with the named jurors does not support the petitioner's claim of ineffective assistance of counsel.

Juror Harris, in responding to a question regarding whether anyone in the venire knew Rodney Wash, stated that she new Wash "by name only." S.C.R., Vol. 2, p. 24. Ms. Harris added, "I do not know him personally. Our paths may have crossed in a professional manner. I work with Department of Human Services and Child Support Enforcement." *Id.* The following colloquy then took place:

> THE COURT: You just heard his name, but that would be it.
>
> JUROR ANTOINETTE HARRIS: I possibly had a case on him, if it's not someone else by that name.
>
> THE COURT: Is there anything about that, even if you did have a case, that would affect your ability to be fair and impartial in this case?

> JUROR ANTOINETTE HARRIS: Absolutely not.

S.C.R., Vol. 2, p. 25.

Juror James Mitchell responded during his *voir dire* examination that he knew the victim. Thereafter, the following exchange took place to clarify his relationship:

> JUROR JAMES MITCHELL: Yes, I don't – I don't know her but we are distant cousins.
>
> THE COURT: So you are distant kin.
>
> JUROR JAMES MITCHELL: Yes.
>
> THE COURT: Would that affect you in any way in your ability to be fair and impartial.
>
> JUROR JAMES MITCHELL: No.
>
> THE COURT: And do you – are you – I am sure you would be related in some fashion to her other relatives. Would any relationship you have with some of the other relatives affect your ability to be fair and impartial in the case?
>
> JUROR JAMES MITCHELL: No, sir.

S.C.R., Vol. 2, pp. 27-28.

After all the challenges for cause were exercised, defense counsel used his peremptory challenges – but made the decision to keep both Harris and Mitchell on the jury panel. S.C.R., Vol. 2, pp. 73-75. Upon review of the colloquies above and the record of the entire jury selection process, the court finds that counsel's decision was reasonable. Both Harris and Mitchell indicated they could be fair and impartial and had, at most, a tenuous connection with the petitioner. Counsel decided instead to exercise his peremptory challenges to eliminate jurors he determined were less likely to be fair and impartial. This decision was a matter of trial strategy, and the petitioner has not shown how that strategic decision rendered his trial fundamentally

unfair. As such, the petitioner is not entitled to relief on this claim of ineffective assistance of counsel.

### Comments During Opening Statements and Closing Arguments

The petitioner argues that counsel was ineffective for comments he made during opening statements and closing arguments by conceding "numerous times to his client's guilt without his client's consent, and along with expressing his own personal opinions that were not in support of his concession that his client was guilty of a lesser charge of manslaughter rather than murder, leaving his client vulnerable to the greater charge." Petition, p. 6-A.

Counsel's informed strategic decisions are given great deference, and "a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.'" *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002). The evidence that the petitioner killed his wife was overwhelming. A rational and commonly used trial strategy in that situation is to concede that the defendant committed the physical act of the killing, but lacked the criminal intent – the *mens rea* – to be found guilty of murder. *United States v. Short,* 181 F.3d 620, 624-5 (5th Cir.1999) (counsel's statements, which did not admit guilt, but which implicated the defendant, were reasonable in light of the overwhelming evidence presented at trial); *Lingar v. Bowersox,* 176 F.3d 453, 458 (8th Cir.1999) (the decision to concede guilt of the lesser charge of second-degree murder was "a reasonable tactical retreat rather than a complete surrender").

The petitioner refers to portions of both opening and closing statements where counsel admitted the petitioner's role in stabbing his wife – and argument in which counsel stated that he didn't know what happened. Petition, pp. 6-B and 6-C. Counsel's opening statements and

closing arguments, when viewed in light of the entire argument and the evidence presented at trial, present a viable defense against a murder charge. Counsel faced the daunting task of defending the petitioner in the face of overwhelming evidence against him – including testimony from his two young daughters – that he stabbed his wife repeatedly, then stabbed himself. *Wash v. State,* 931 So. 2d 672, 674 (Miss. App. 2006). Counsel simply argued that, despite the gruesome events in the house that morning, the petitioner did not act with premeditation. Counsel argued to the jury that the petitioner committed only the lesser crime of manslaughter – that a domestic dispute between the petitioner and his wife went too far. Such a trial tactic is permissible, and appears to be the best tactic available under the facts of this case. *United States v. Jones*, 287 F.3d at 331. Counsel's choice of argument was a matter of trial strategy, and the petitioner has not shown that counsel's performance was deficient in its use. *Rushing v. Butler,* 868 F.2d 800, 805 (5th Cir. 1989).

Indeed, even assuming that the petitioner could prove that counsel was deficient in his selection of this defense, the petitioner has not proven that he was prejudiced by counsel's decision. The petitioner not shown that the result of the trial would have been different or that counsel's performance rendered the result of the trial fundamentally unfair or unreliable. To prove prejudice, the petitioner must show that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable," *Strickland*, 466 U.S. at 687, and demonstrate a reasonable probability that, but for counsel's errors, the results of the proceeding would have been different. *Id*. at 694; *Mayabb v. Johnson,* 168 F.3d 863, 869 (5th Cir. 1998). A "reasonable probability" is one sufficient to undermine confidence in the outcome of the proceeding. *Moawad v. Anderson, supra.* An error by counsel, even if professionally

unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Summit v. Blackburn*, 795 F.2d 1237, 1242 (5th Cir. 1986). A *habeas corpus* petitioner must affirmatively plead such resulting prejudice. *Bridge v. Lynaugh*, 838 F.2d at 773. The petitioner has not offered a strategy that would probably have resulted in a better outcome for him in the criminal trial. As such, the Mississippi Supreme Court was correct in finding that trial counsel was constitutionally effective.

The petitioner has not overcome the deference afforded the state court; as such, the claims of ineffective assistance of counsel raised by Wash in Ground One of the instant petition must be dismissed. 28 U.S.C. § 2254(d)(1); *Gachot v. Stalder,* 298 F.3d at 421 (5th Cir. 2002). As such, habeas review of the claims in Ground One should be denied.

For the reasons set forth above, the instant petition for a writ of *habeas corpus* shall be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 16th day of October, 2007.

                                          **/s/ Michael P. Mills**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**
                                          **NORTHERN DISTRICT OF MISSISSIPPI**